## Wynn and Others *v.* The State.

If the jury, in an indictment for a misdemeanor, instead of finding the defendants guilty and assessing the fine, merely say, We fine the defendants 10 dollars each, the verdict will not authorize a judgment against the parties charged.

ERROR to the *Harrison* Circuit Court.—Indictment for a riot against 16 persons. Plea, not guilty. The jury in their verdict, without finding whether the defendants, or any of them, were guilty or not, merely say, "We of the jury fine *John Gibson*, *John Miles*, (naming 8 of them,) 10 dollars each." A motion in arrest of judgment was made and overruled, and judgment rendered upon the verdict.

Holman, J.—The objection made to the finding of the jury,

in arrest of judgment, is conclusive. The verdict is insufficient to authorize a judgment. It does not find the defendants guilty. The finding of the defendants, as the jury have expressed themselves, or the finding the amount of the fine as authorized by the act of assembly, is not finding the defendants guilty. And it must be found expressly, and not by intendment, that the defendants are guilty. 7 Bac. Abr. 37. It is a correct position, that finding of but a part of the issue, is insufficient. Co. Litt. 227, a. 7 Bac. Abr. 7, 18, 20, 23. But here is more than an omission of part of the issue: There is a total neglect of the whole subject matter put in issue, and no judgment ought to have been given upon it. Nor is the necessity of finding the defendants guilty less evident, or less important since the passage of the act of 1817, relative to crimes and punishments, than it was at common law. The 69th section of that act, rendering it necessary for the jury to find the amount of the fine, does not dispense with the necessity of finding the person charged, to be guilty (1). And as in this case, the jury did not find the defendants guilty, the Circuit Court erred in overruling the motion in arrest of judgment.

*Per Curiam.*—The judgment is reversed, and the verdict set aside. Cause remanded to the Circuit Court, with directions to award a *venire facias de novo*.

*Moore*, and *Dunbar*, for the plaintiffs.

(1) Ind. Stat. 1817, p. 96. Acc. Ind. Stat. 1823, p. 150.